UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK FOSTER,

        Plaintiff,                                 Hon. Ellen S. Carmody

v.

                                            Case No. 1:18-cv-478

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and*

*Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d

at 545.

## PROCEDURAL POSTURE

Plaintiff was 38 years of age on his alleged disability onset date. (PageID.208). He earned a General Education Diploma (GED) and worked previously as a gluer and welder. (PageID.47, 59). Plaintiff applied for benefits on July 16, 2015, alleging that he had been disabled since March 8, 2015, due to osteoarthritis, heart disease, high cholesterol, high blood pressure, and a learning disability. (PageID.208-20, 250). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.101-206).

On June 22, 2017, ALJ Colleen Mamelka conducted a hearing with testimony being offered by Plaintiff, Plaintiff's wife, and a vocational expert. (PageID.53-99). In a written decision dated September 22, 2017, the ALJ determined that Plaintiff was not disabled. (PageID.39-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.26-31). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) coronary artery disease (CAD) status-post acute myocardial infarction (MI) with multiple stents to the right coronary artery; (2) hypertension; (3) right-sided tinnitus; (4) osteoarthritis (OA); (5) obesity; (6) depression; (7) anxiety; and (8) intellectual disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.41-44).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) he requires a sit/stand option at will with an assistive device but would not be off task more than 10 percent of the work day; (2) he can frequently perform fingering and feeling activities; (3) he can occasionally crouch and stoop; and (4) he is limited to simple, routine repetitive tasks with occasional interaction with the public and co-workers. (PageID.44-45).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

Based upon the testimony of a vocational expert, the ALJ found that there existed approximately 167,000 jobs in the national economy which an individual with Plaintiff's RFC

could perform, such limitations notwithstanding. (PageID.80-92). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

**I.        The ALJ's Step Five Determination is Not Supported by Substantial Evidence**

In her written opinion, the ALJ determined that Plaintiff retained the ability to perform a range of sedentary work subject to several imitations including that Plaintiff is limited to simple, routine repetitive tasks with occasional interaction with the public and co-workers. During the administrative hearing, the ALJ presented the vocational expert with a hypothetical question based upon this RFC. (PageID.82-85). In response, the vocational expert asked the ALJ, "[w]ould public contact on a phone be acceptable. . ." (PageID.85). In response, the ALJ stated that "[m]y intent about the occasional [interaction with the public] was the actual in-person . . [s]o far as no limitations for telephone." (PageID.85).

With this clarification, the vocational expert identified three jobs which Plaintiff would still be able to perform despite his limitations: (1) telephone information clerk (80,000 jobs); (2) call-out operator (37,000 jobs); and (3) telephone interviewer (50,000 jobs). (PageID.85-86). The vocational expert expressly stated, however, that these particular jobs required "contact with people on a frequent basis. . ." (PageID.85). The ALJ expressly relied on this testimony in support of her decision to find Plaintiff was not entitled to disability benefits. (PageID.48). The shortcoming in the ALJ's analysis, however, is that the RFC she ultimately adopted in her opinion did not include the distinction that Plaintiff was limited to occasional *in person* contact with the

public, but could engage in *frequent* telephone contact with the public. As the vocational expert made clear, however, the jobs she identified, and upon which the ALJ relied, required Plaintiff to be capable of frequent telephone contact with the public. Because this ability for frequent telephone contact with the public was not included in the ALJ's RFC finding, however, the ALJ's conclusion that there exist a significant number of jobs which Plaintiff can perform despite his limitations is not supported by substantial evidence.

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

**III.       Plaintiff has not Timely Challenged the ALJ's Appointment**

In *Lucia v. Securities and Exchange Commission*, 138 S.Ct. 2044 (2018), the Court held that Administrative Law Judges (ALJs) of the Securities and Exchange Commission (SEC) had to be appointed to their office in the manner proscribed by the Appointments Clause of the

United States Constitution. *Id.* at 2049-55. Pursuant to the Appointments Clause, the ALJs in question were required to be appointed by the President, Courts of Law, or Heads of Departments. *Id.* at 2049-55. Absent such appointment, the ALJs employed by the SEC lacked the authority to perform their assigned tasks. *Id.* at 2049-55. Plaintiff argues that "the same rationale [articulated in *Lucia*] applies to the administrative judge hiring by Social Security." Accordingly, Plaintiff argues that because his claim for benefits was decided by an ALJ who was "not appointed in the manner directed by the Appointments Clause" of the United States Constitution, the ALJ's decision is "invalid."

In *Lucia*, the Court reiterated that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Lucia*, 138 S.Ct. at 2055. The Court found that Lucia was entitled to relief because he timely challenged the appointment of the ALJ hearing his case by asserting such during the administrative process before the SEC. *Ibid.* Lower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, therefore, waived. *See, e.g., Thurman v. Commissioner of Social Security*, 2018 WL 4300504 at *9 (N.D. Iowa, Sept. 10, 2018); *Garrison v. Berryhill*, 2018 WL 4924554 at *2 (W.D.N.C., Oct. 10, 2018); *Davidson v. Commissioner of Social Security*, 2018 WL 4680327 at *1 (Sept. 28, 2018).

These decisions are persuasive and consistent with the express holding in *Lucia*. Plaintiff does not allege that he raised the ALJ appointment issue before the Commissioner. Instead, Plaintiff has asserted such for the first time in this Court. Accordingly, the Court finds that Plaintiff has waived any argument pertaining to the constitutionality of the appointment of the

ALJ who resolved his claim for benefits. This argument is, therefore, denied.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Dated:  March 25, 2019                             /s/ Ellen S. Carmody
                                                                        ELLEN S. CARMODY
                                                                        United States Magistrate Judge